The Court

held that as the burden of proof under the issue joined rested upon Melson, the defendant, to show *140 that the land in dispute, and which he claimed to locate and appropriate to his own use as vacant land, was vacant land, and that the title to the same was in the State at the time of the passage of the act, he was entitled to the opening and conclusion.
The counsel for the defendant then proceeded and offered in evidence the survey and plot of the land in question, returned into the recorder’s office under the act authorizing the location of it by him. Also the receipt of the State Treasurer to him for $65.53, together with the patent of the State.for the alleged vacant premises, which were objected to, and were ruled out by the Court, because no payment should have been made to the State Treasurer, and no patent should have issued for the premises, so long as the caveat was pending and undetermined. Objection was then made to the plot and survey of the premises returned into the recorder’s office, but the Court held it to be admissible in evidence, as essential to explain the limits of the land claimed by the defendant under the act.
The defence tifien proceeded and proved that no survey, or patent of the State, or proprietary grant, or warrant could be found to cover the tract in controversy, consisting of three or four acres, and insisted that it was vacant or public land at the date of the general act of the Legislature, passed in 1843, 9 vol. Del. Laws, 454, and Rev. Code, 3, for quieting the title of persons who had held continued and peaceable possession of public lands in this State for a period of twenty years prior to that time; as the plaintiff and those under whom he claimed had not been in the continpgl possession of the premises for twenty years previous to the passage of that act. ■
On behalf of the caveator, it was proved that there was a line bounding the tract in dispute, which Joseph Melson, a former claimant of the premises, had established as a division line of his lands when he conveyed them to his two sons, John and Stephen Melson; that the deed to Stephen included this tract, and that he and those coming into possession under him, and from whom the caveator *141 derived bis title, had cut upon and otherwise used the land as their own, from time to time, for a period of twenty-years before this case was commenced; wherefore it was contended that the act of 1843 was designed to he prospective, and not merely retroactive in its operation, at the time of its passage, and that it was not vacant land at that time,' nor liable to be located as such. And of this opinion was the Court (Harrington, Ch. J.), which charged the jury, that if they were satisfied, from the evidence, that the plaintiff:' and those 'under whom he claimed title to the premises had been in the peaceable and uninterrupted possession of the land, exercising acts of ownership over it as their own property from time to time, as often as occasion required, for twenty years before the trial, and had been generally recognized and regarded by their neighbors as the rightful owners of it by reason of such possession for that length of time, the effect as well as the intent of the statute would he to vest in the plaintiff whatever, right or title the State might have had in the land prior to the passage of it.
W. Saulsbury, for plaintiff
C. S. Layton, for defendant.
Verdict for the plaintiff. .